UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2018 NOV 13  A 11: 35
U.S. DISTRICT COURT
NEW HAVEN, CT.

| | |
|---|---|
| TIMOTHY GREEN | : |
| Plaintiff | : |
| VS | : CIVIL ACTION NO. |
| DAVID CHANG and STALLION HILL GALLERY | : 3:18CV1824(SRU) |
| Defendants | : NOVEMBER 13, 2018 |

## COMPLAINT

### A. PARTIES

1. Timothy Green, Plaintiff, is a citizen and resident of the State of Florida who presently resides at 107 S. 2nd Lane, Interlachen, Florida, 32148.

2. Defendant David Chang is a citizen of the State of Connecticut whose address is 1014 Abbey Ct., Orange, CT 06477.

3. Stallion Hill Gallery, LLC (hereafter "Stallion Hill") is a Connecticut Limited Liability Company with a record address of 375 Morgan Lane, Suite 206, West Haven, CT 06516. David Chang is listed as a Member of the LLC.

4. The amount in dispute, exclusive of interest and costs, is greater than seventy-five thousand dollars ($75,000.00).

### B. JURISDICTION

5. Jurisdiction of this court is invoked under the provisions of Title 28, Section 1332, of the United States Code.

## C. NATURE OF THE CASE

6. On or about October 17, 2016, the plaintiff, Timothy R. Green ("Green"), formed a partnership with the defendant, David Chang ("Chang"), whereby Green agreed to sell Chang a one-half (1/2) interest in a unique Mallet Porcelain Vase (hereafter the "Vase") for Twenty-Five Thousand ($25,000.00) Dollars. The basic terms of the Partnership were memorialized in a writing, a copy of which is attached hereto.

7. Pursuant to the partnership agreement, Chang, who claims "years of experience...consigning and auctioning Asian art," agreed to use his contacts and expertise to sell the vase at auction in China.

8. Green and Chang agreed that the vase would be shipped to China and sold through Zohan Auction Co., LTD ("Zohan"), a Beijing auction house. By the terms of their initial agreement, Green and Chang agreed that all sale proceeds, after expenses, would be split equally between Green and Chang. It is unclear how Chang consigned the vase - whether he listed himself, the partnership, Stallion Hill, or some other entity as the Owner of the vase.

9. Subsequently, Chang recommended he and Green each sell a five (5%) percent interest in the Vase to another dealer in Chinese porcelain Chang knew for a total of Fifteen Thousand ($15,000.00) Dollars for that ten (10%) percent share in the Vase. Chang represented that it is common practice in China to sell ownership interests to potential buyers to whet their desire for the art object, the inducement being that even if the dealer is later unsuccessful at the auction, the dealer would at least have the consolation of a share in the proceeds from a successful sale.

10. Chang represented to Green that he sold minority interests in the Vase to additional partners prior to the sale of the Vase at auction, though neither he nor Stallion Hill have provided proof of such sales despite repeated requests for such information.

11. Upon information and belief, on or about December 10, 2016, Zohan "sold" the vase for ¥15,000,000 RMB, or approximately $2,200.000, to an unnamed "buyer."

12. In April 2017, when the "buyer" failed for a third time to meet a deadline for payment for the Vase, Green demanded Chang rescind the sale, retrieve the Vase from Zohan, and resell it at another auction house. Chang refused. Instead, he claims to have discussed the situation with the other "investors." Chang and the "other investors" represented to Green that the "buyer" would eventually make good on the purchase at the Zohan auction. Rather than rescind the sale, Chang and the other "investors" asked Green to be patient and, if he agreed, offered to pay Green his share in full before Chang would collect his share of the proceeds from the sale. Chang memorialized this agreement in text messages. While Chang has made partial payments to Green for his interest in the sale, he has refused, despite repeated requests, as has Stallion Hill, to provide any documents or information that will allow Green to substantiate any aspect of the transaction - the sale of interests to other "investors," the name of the buyer, or expenses incurred. At this time Green believes he is owed in excess of $160,000.

13. Despite repeated requests made to both Chang and Stallion Hill, to provide an accounting for the sale, Chang and Stallion Hill have refused Green's demands and reasonable requests to provide access to the partnership books and records, or to provide basic information concerning the sale of the partnership's vase including: 1) the terms of the consignment; 2) the buyer's name; 3) the sale amount or a record of receipts; 4) an itemization of expenses incurred; 5) an accounting of the partnership; or 6) access to the books and records of the partnership to perform an accounting.

14. Additionally, upon information and belief, Chang and/or Stallion Hill have received funds from the sale of the Vase sufficient to pay Green for his partnership interest in full but have refused to do so.

15. In November of 2016, Green and Chang agreed to partner on the sale of two (2) Buddha statues. Upon information and belief, these were both sold at auction in June 2017. Chang paid Green for one of the two statues. The second Buddha (the "Buddha"), an 18th century gold gilt bronze Padmapni, sold at auction on June 7, 2017 for ¥149,500, or approximately Twenty-One ($21,000.00) Dollars.

16. Chang has admitted the Buddha sold for at least $20,000 but has so far refused to provide an accounting of that sale and refuses to pay Green his share of the proceeds.

## CAUSE OF ACTION

### COUNT ONE - BREACH OF PARTNERSHIP AGREEMENT

17. The defendants' conduct, as described above, is in violation of Chapter 614 of Connecticut General Statutes §34-300, et seq.

### COUNT TWO - STATUTORY THEFT

18. The Defendants' conduct, as described above, is in violation of Connecticut General Statutes §52-564 and constitutes Statutory Theft.

### COUNT THREE - UNFAIR TRADE PRACTICES

19. In the manner described above, the defendants have engaged in unfair trade practices in violation of Sections 42-110a *et seq.* of Connecticut General Statutes.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the Court award him:

1. All compensation due and owing him;

2. Compensatory and Punitive damages;

3. Access to all books and records of the partnership;

4. Attorney fees and costs.

THE PLAINTIFF

BY: /s/ ct30015
      Thomas J. Dembinski (ct30015)
      240 Bradley St.
      New Haven, CT 06510
      203 623.3811
      tjd@demlaw.org
      His Attorney